UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PEARL CARUSO, ET AL.                    CIVIL ACTION

VERSUS                                  NO.  06-2613

ALLSTATE INSURANCE COMPANY,             SECTION "R"(5)
ET AL.

## ORDER AND REASONS

Plaintiffs, who are Louisiana citizens with homeowner's insurance policies from six named defendants, move to remand this matter.  For the following reasons, the Court DENIES plaintiffs' motion.


**I.    BACKGROUND**

Plaintiffs here are six Louisiana property owners who suffered substantial damage to their property during Hurricane Katrina and who have sued their insurance providers under their homeowner's policies.  The named plaintiffs each sued a different insurance company seeking to represent all other similarly situated class members, namely Louisiana homeowners who suffered a total loss of their property, in whole or in part, as a result of a covered loss from the winds of Hurricane Katrina.  The six

defendant insurance companies are: Allstate Insurance Company, State Farm Insurance Company, Republic Fire & Casualty Insurance Company, Auto Club Family Insurance Company, Lafayette Insurance Company,[1] and Louisiana Citizens Property Insurance Company. Plaintiffs seek recovery based on Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695, as well as claims of breach of contract and bad faith under La. Rev. Stat. §§ 22:658 and 22:1220.

The named plaintiffs initially filed this lawsuit, seeking class certification, in Civil District Court for the Parish of Orleans on April 12, 2006. Defendant Allstate filed a Notice of Removal on May 19, 2006, asserting that this Court has jurisdiction under the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005), or, in the alternative, under 28 U.S.C. § 1332 because the other insurers were joined improperly with Allstate and thus their citizenship should not be considered when determining jurisdiction. On June 16, 2006, plaintiffs filed this motion to remand, alleging that removal was improper because CAFA's "local-controversy" exception applies, and the nondiverse defendant, Louisiana Citizens Property Insurance Company, was joined properly with the other defendant insurance companies.

---

[1] Lafayette was incorrectly named as United Fire Insurance Company in the plaintiffs' complaint.

2

**II.   DISCUSSION**

As noted above, defendant Allstate removed this case to federal court based on the Class Action Fairness Act and improper joinder of the nondiverse defendant Louisiana Citizens Property Insurance Company.  Later, other defendants asserted that this Court has jurisdiction over this matter under 28 U.S.C. §§ 1369(a) and 1441(e)(1)(b), otherwise known as the Multiparty, Multiforum Trial and Jurisdiction Act of 2002, and under 28 U.S.C. § 1331 because the case implicates federal law under the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001-4129.  To the extent necessary, the Court addresses each alleged basis of jurisdiction in turn.

Under CAFA, federal courts now have jurisdiction over class actions if the claims of the class members exceed $5 million, there are at least 100 class members, and at least one plaintiff class member is diverse from at least one defendant.  28 U.S.C. § 1332(d).[2]  To determine whether a class action reaches the $5

---

[2] Section 1332(d)(2) reads in part:

The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant . . . .

million threshold, "the claims of the individual class members
shall be aggregated."  28 U.S.C. § 1332(d)(6).  Under these
provisions, the term "class member" includes putative class
members.  28 U.S.C. § 1332(d)(1)(D).  Additionally, CAFA expanded
defendants' opportunities to remove class actions to federal
court.  If the threshold requirements for CAFA jurisdiction are
met, CAFA permits a defendant to remove a class action without
first obtaining the consent of all of the defendants and allows a
defendant to remove even if there is an in-state defendant.  *See*
28 U.S.C. § 1453(b); *compare* 28 U.S.C. §§ 1441, 1446 (requiring
unanimous consent by defendants to remove and generally
prohibiting removal of a diversity case when there is an in-state
defendant).  Furthermore, removal of a class action under CAFA
can occur after the one-year limitation set forth in Section
1446(b).  *Id.*

Here, the proposed class action undoubtedly satisfies the
CAFA's criteria for removal.  First, plaintiffs seek to represent
all Louisiana property owners who suffered destruction from
Katrina and who possessed homeowner's policies from one of the
six defendant insurance companies.  Allstate avers that it has

Section 1332(d) goes on to say that the above paragraph shall not
apply when "the number of members of all proposed plaintiff
classes in the aggregate is less than 100."  28 U.S.C. §
1332(d)(5).

4

issued 129,176 homeowner's policies to persons living in
Louisiana.  (R. Doc. 1-4, at ¶ 5).  Plaintiffs also seek the full
value of their homeowner's policies in the event that they have
suffered a total loss of their insured property in whole or in
part due to a covered loss.  Allstate avers that the dwelling
coverages for these homeowner's policies have an aggregate limit
in excess of $13,000,000,000.  (*Id.*).  Therefore, the claims
against Allstate alone, without even examining those against the
other five defendants, exceed CAFA's statutory requirements.
Second, each of the six named plaintiffs is a resident of
Louisiana, while four of the six defendants are domiciled in
other states.  Thus, at least one plaintiff is diverse from at
least one defendant here.  Third, there are no impediments to
removal since under CAFA, Allstate need not obtain the consent of
its co-defendants, and the presence of a nondiverse defendant is
not a barrier to removal.

Plaintiffs, however, contend that this case should be
remanded to state court under CAFA's so-called "local-controversy
exception."  This provision requires federal courts to decline
jurisdiction when the case satisfies four requirements: (1) more
than two-thirds of the class members are citizens of the original
forum; (2) at least one defendant from whom "significant relief"
is sought and whose conduct is a "significant basis" for the

claims is a citizen of the original forum; (3) the "principal
injuries resulting from the alleged conduct or any related
conduct of each defendant" occurred in the original forum; and
(4) in the three-year period preceding the filing of the class
action, no other class action has been filed "asserting the same
or similar factual allegations against any of the defendants" on
behalf of any person.  28 U.S.C. § 1332(d)(4)(A).  No party
disputes that the third prong is satisfied here.  Defendants,
however, contend that plaintiff's proposed class action does not
meet the first, second, and fourth prongs.  As an initial matter,
the Fifth Circuit recently held that CAFA places the burden of
proof on plaintiffs to show that the "local-controversy"
exception applies.  *See Frazier v. Pioneer Americas LLC*, 455 F.3d
542, 546 (5th Cir. 2006).

    The first issue for the Court to decide is whether
plaintiffs have alleged sufficient facts to carry their burden of
proof with respect to the citizenship of the class.  In their
complaint, plaintiffs seek to represent a class that includes all
Louisiana homeowners who had purchased homeowner's policies from
one of six defendant insurance companies.  In the context of this
action, the Court finds that the description of the proposed
class is sufficient to establish that more than two-thirds of the
proposed class are Louisiana citizens.  The complaint avers that

6

each of the six named plaintiffs are Louisiana residents, that five of the six are Louisiana domiciliaries, and that these six plaintiffs are representative of all others similarly situated. It is well established that, for diversity purposes, an individual's citizenship is synonymous with her domicile. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985). The Fifth Circuit has stated that "residence in fact and the intention of making the place of residence one's home are essential elements of domicile." *Id.* Given that no one disputes that Hurricane Katrina wrecked havoc on immovable property in Louisiana, the plaintiffs' assertion that they represent a class of individuals covered by homeowner's policies for homes that are located in Louisiana creates a reliable presumption that this is a class of Louisiana residents. Indeed, owning a home is an indicium of domicile.

Defendants rely on a January 1, 2006 study to suggest that more than one-third of the proposed plaintiff class no longer resides in Louisiana. This study was based on an estimate of the total *household* population in thirty-seven south Louisiana parishes four months after Katrina struck. (R. Doc. 30-2). The study does not measure the total population of *homeowners*, and it does not reflect the population of the entire state at the time it was conducted. Additionally, to the extent the study was

7

based on United States Postal Service change of address forms, the Court finds that this information does not reflect the domicile of potential class members.  Given the forced evacuation for several months from several south Louisiana parishes as a result of Katrina, it is reasonable to assume that residents of these parishes might change their addresses in the immediate aftermath of the storm without changing their domiciles.  To rely on estimates from a study conducted in late 2005, when many south Louisiana residents were still in the midst of a forced evacuation, as an accurate representation of how many potential class members do not intend to return to their homes in Louisiana is an extrapolation that the Court is not willing to make, especially when the common-sense presumption is that these homeowners intended to return.  Although there well may be proposed clases where detailed proof of the two-thirds citizenship requirement is required, the Court finds that common sense should prevail in this closed-end class involving people who, as noted, hold an asset that is a measure of domicile, their home.  Therefore, the Court finds that more than two-thirds of the members of the proposed class are Louisiana citizens.

Defendants also contend that the presence of Louisiana Citizens as a defendant to this action does not satisfy the second prong of the "local-controversy" exception, which requires

8

a "significant" defendant to be from the forum state.  *See* 28 U.S.C. § 1332(d)(4)(A)(II).  In response, plaintiffs assert that they seek significant relief from Louisiana Citizens, and that its alleged conduct forms a significant basis for plaintiffs' claims.  In their motion to remand, plaintiffs represent that, upon information and belief, up to 50 percent of the putative class members were insured by Louisiana Citizens, but provide no factual support for this claim.  (R. Doc. 20, at 3).  Plaintiffs also claim that Louisiana Citizens is the state's third largest provider of property insurance, based on a March 2006 press release from the Louisiana Department of Insurance that does not provide information as of August 29, 2005, the relevant date in this class action.  (*Id.*).  On the other hand, defendants contend that the market share of Louisiana Citizens at the time of Katrina, based on the total premiums written of approximately $105 million, was about 7.5 percent.  (R. Doc. 1-3).

CAFA does not specifically provide a definition of "significant."  The Eleventh Circuit, however, recently held that whether a class seeks "significant relief" against a defendant is determined by whether the relief sought against that defendant is significant relative to the relief sought against the other co-defendants.  *See Evans v. Walter Industries, Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006).  Other courts likewise have compared the

relief sought against the in-state defendant to the entire relief sought against all of the defendants to determine whether the "significant relief" prong has been met. *See Robinson v. Cheetah Transportation*, No. 06-0005, 2006 WL 468820, *3 (W.D. La. Feb. 27, 2006) (stating "whether a putative class seeks significant relief from an in-state defendant includes not only an assessment of how many members of the class were harmed by the defendant's actions, but also a comparison of the relief sought between all defendants and each defendant's ability to pay a potential judgment"); *Kearns v. Ford Motor Co.*, No. 05-5644, 2005 WL 3967998, *10 (C.D. Cal. Nov. 21, 2005) (holding "relief must be measured with respect to that sought by the entire class"). Similarly, the few courts that have addressed this provision in CAFA have evaluated whether a defendant's conduct forms a "significant basis" for plaintiffs' claims based on a comparison of the alleged role played by that defendant with that played by the other defendants. *See Evans*, 449 F.3d at 1167-68 (stating "plaintiffs' evidence offers no insight into whether U.S. Pipe played a significant role in the alleged contamination, as opposed to a lesser role, or even a minimal role"); *see also Kearns*, 2005 WL 3967998, at *11.

Ordinary principles of statutory interpretation shed further light on what is meant by CAFA's use of the term "significant."

10

In addition to the "local-controversy" exception, CAFA also includes what is commonly referred to as the "home-state" exception, in which a district court is required to decline jurisdiction if two-thirds or more of the members of all plaintiff classes and the "primary defendants" are citizens of the original forum state. *See* 28 U.S.C. § 1332(d)(3).  The term "primary defendants" is not defined anywhere in CAFA.  Clearly, CAFA intended there to be a substantive difference between "primary defendants" and "significant defendants" as contemplated by the two exceptions to the exercise of jurisdiction under the statute.  The dictionary definition of "primary" includes "first in importance; chief; principal; main."  Webster's New World College Dictionary 1140 (4th ed. 1999).  By contrast, the dictionary definition of "significant" includes "important."  *Id.* at 1334.  These definitions appear particularly apt in the context of CAFA, meaning that a significant defendant is of less importance than a primary defendant.  Additionally, a significant defendant is obviously one who is something more than "insignificant," which is defined as "having little or no importance" or "trivial."  *Id.* at 739.  With these definitions in mind, the Court now addresses whether Louisiana Citizens is a significant defendant under CAFA.

As an initial matter, the Court credits the evidence

11

presented by defendants that shows Louisiana Citizens held about
7.5 percent of the insurance market in pre-Katrina Louisiana,
based on total premiums written.  By comparison, of the total
homeowner's policy premiums in pre-Katrina Louisiana, State Farm
represented approximately 25 percent, Allstate represented about
14 percent, Lafayette represented about 1.5 percent, Auto Club
represented about 0.7 percent, and Republic Fire represented
about .5 percent.  (R. Doc. 1-3).  In sum, before the storm,
Louisiana Citizens was the third largest homeowner's insurer in
the state, based on total premiums, and, accordingly, is the
third largest homeowner's insurer involved in this lawsuit.  That
clearly makes Louisiana Citizens an important, rather than a
marginal, defendant in this lawsuit.

Defendants' argument that Louisiana Citizens' 7.5 percent
share is "relatively insignificant when compared to the sum of
premiums written by the foreign insurer defendants" is
unconvincing.  The defendants do not dispute that Allstate, with
a market share of 14 percent and the second largest insurer in
Louisiana, is a significant defendant.  There is no principled
basis to justify the notion that the difference between a
significant and insignificant defendant falls somewhere between
7.5 and 14 percent.  The third largest homeowner's insurer in the
state, with 7.5 percent of the market share, is hardly "trivial"

or "of little or no importance" in Louisiana's homeowner's insurance market, especially when compared with the three defendants in this action – Lafayette, Auto Club, and Republic Fire – whose combined market share is about half of Louisiana Citizens' share.  Rather, the Court finds that the third largest insurer in Louisiana, with more than $105 million in total premiums, is clearly a major player in the insurance market by any measure.  Furthermore, the Court does not need to examine CAFA's legislative history here to determine whether Louisiana Citizens is a "significant defendant," as defendants urge the Court to do.  When, as here, "there is no ambiguity in the statutory language that would warrant looking beyond the plain language of the statute for additional understanding of Congress's intent," resort to the legislative history is unnecessary.  *Nail v. Martinez*, 391 F.3d 678, 683 (5th Cir. 2004).  Additionally, at least two courts of appeals have cast doubt on the value of the Senate Judiciary Committee Report on CAFA as an interpretive guide, since it was issued ten days after CAFA was signed into law.  *See Morgan v. Gay*, --- F.3d ---, 2006 WL 3692552, *2 (3d Cir. Dec. 15, 2006); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005).

Because the purported class includes all Louisiana Citizens policyholders who suffered a total loss of their property, in

whole or in part, as a result of Hurricane Katrina's winds, the Court finds that Louisiana Citizens is a "significant defendant" as that term is contemplated by CAFA.  Construing the statute in any other manner would be inconsistent with the plain, unambiguous meaning of its text.

Finally, defendants argue that CAFA's "local-controversy" exception does not apply here because, during the three-year period preceding the filing of this action, both Allstate and State Farm were named defendants in class actions in which similar factual allegations were raised against them.  Under Section 1332(d)(4)(A)(ii), if a class action asserting "the same or similar factual allegations" has been filed against any of the defendants by any person within three years of the filing of the removed action, the case shall not be remanded under the "local-controversy" exception.  Here, plaintiffs filed their class action lawsuit in state court on April 12, 2006, seeking to proceed on behalf of all homeowner's policyholders with Allstate, State Farm, Republic, Auto Club, Lafayette, and Louisiana Citizens who suffered a total loss of their homes, in whole or in part, as a result of a covered loss from the winds of Hurricane Katrina on August 29, 2005.  The plaintiffs ask for relief from their homeowner's insurers under Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695.  However, on December 12, 2005,

14

plaintiffs Daryl and Cathy Chauvin filed a proposed class action in the Eastern District of Louisiana on behalf of all Louisiana homeowners who had a homeowner's policy from State Farm on August 29, 2005, and sustained a total loss to their property as a result of, in whole or in part, a covered loss caused by Hurricane Katrina. *See Chauvin et al. v. State Farm Fire and Casualty Co.*, Civ. Docket No. 05-6454, at R. Doc. 1. That lawsuit sought relief from State Farm under Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695. *Id.* Additionally, on December 29, 2005, plaintiff Doris L. Huntley filed a proposed class action in the Eastern District of Louisiana on behalf of all Louisiana homeowners who had a homeowner's policy from Allstate on August 29, 2005 and sustained a total loss to their property as a result of, in whole or in part, a covered loss caused by Hurricane Katrina. *See Huntley et al. v. Allstate Indemnity Co.*, Civ. Docket No. 05-6887, at R. Doc. 1. That lawsuit also sought relief under La. Rev. Stat. § 22:695. *Id.* These proposed class actions against two of the named defendants in the present action undoubtedly assert similar factual allegations as those set forth here. Since they were filed during the three-year period before the instant action, their existence is fatal to plaintiffs' argument that this lawsuit falls under CAFA's "local-controversy" exception. The use of the

15

conjunctive "and" in Section 1332(d)(4)(A) makes it clear that all four of its elements must be satisfied for the "local-controversy" exception to apply.  Therefore, because plaintiffs cannot carry their burden on the fourth element of the "local-controversy" test, this Court has jurisdiction over this matter under CAFA.  The Court need not address defendants' alternative theories for why federal jurisdiction is appropriate in this matter.


**IV.  CONCLUSION**

For the foregoing reasons, the Court DENIES plaintiffs' motion to remand.


New Orleans, Louisiana, this   8th   day of January, 2007.

SARAH S. VANCE
UNITED STATES DISTRICT COURT