```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


PEARL CARUSO, ET AL.                        CIVIL ACTION

VERSUS                                      NO. 06-2613

ALLSTATE INSURANCE COMPANY,                 SECTION "R"(5)
ET AL.
```

### ORDER AND REASONS

Before the Court is plaintiffs' motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the following reasons, the Court DENIES plaintiffs' motion.

### I.   BACKGROUND

Plaintiffs here are six Louisiana property owners who suffered substantial damage to their property during Hurricane Katrina and who have sued their insurance providers under their homeowner's policies. The named plaintiffs each sued a different insurance company seeking to represent all other similarly situated class members, namely Louisiana homeowners who suffered a total loss of their property, in whole or in part, as a result of a covered loss from the winds of Hurricane Katrina. The six defendant insurance companies are: Allstate Insurance Company,

State Farm Insurance Company, Republic Fire & Casualty Insurance Company, Auto Club Family Insurance Company, Lafayette Insurance Company,[1] and Louisiana Citizens Property Insurance Company. Plaintiffs seek recovery based on Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695, as well as claims of breach of contract and bad faith under La. Rev. Stat. §§ 22:658 and 22:1220. Specifically, plaintiffs assert that the insurers placed a valuation on their respective properties for premium purposes and did not pay the full value of those properties after they became a total loss. They allege that the total loss was caused in whole or in part by a covered peril and that the insurers were obligated to pay the full value of their policies under the VPL.

The named plaintiffs initially filed this lawsuit, seeking class certification, in Civil District Court for the Parish of Orleans on April 12, 2006. Defendant Allstate filed a Notice of Removal on May 19, 2006, asserting that this Court has jurisdiction under the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005), or, in the alternative, under 28 U.S.C. § 1332 because the other insurers were joined improperly with Allstate and thus their citizenship should not be considered when determining jurisdiction. On June 16, 2006, plaintiffs

---

[1] Lafayette was incorrectly named as United Fire Insurance Company in the plaintiffs' complaint.

moved to remand, alleging that removal was improper because CAFA's "local-controversy" exception applied, and the nondiverse defendant, Louisiana Citizens Property Insurance Company, was joined properly with the other defendant insurance companies.  On January 8, 2007, the Court denied plaintiffs' remand motion, finding that it has jurisdiction over this matter under CAFA because the statute's "local-controversy" exception did not apply to this action.  *See Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364 (E.D. La. 2007).

Defendants Allstate, Auto Club, Lafayette, Republic Fire, and State Farm then moved to dismiss the matter by essentially re-urging the arguments raised in *Chauvin, et al. v. State Farm Fire & Casualty Co., et al.*, 450 F. Supp. 2d 660 (E.D. La. 2006). On February 26, 2007, the Court, applying the reasoning set forth in *Chauvin*, granted defendants' motion as to plaintiffs who allege that the VPL entitles them to the full value of their policies, regardless of the proximate cause of their total losses, so long as a covered peril caused some loss to their property.  *See Caruso v. Allstate Ins. Co.*, 2007 WL 625830, at *10 (E.D. La. Feb. 26, 2007).  However, the Court rejected defendants' motion as to plaintiffs who allege that their total loss was sustained entirely by a covered peril, finding that they may be able to state a claim under the VPL.  *Id.* at *4-10.  On

March 12, 2007, plaintiffs filed this motion, asking the Court to certify for interlocutory appeal under 28 U.S.C. § 1292(b) its February 26, 2007 Order dismissing the claims of potential class members whose total loss was not solely caused by a covered peril.  While this motion was pending before the Court, plaintiffs filed a notice of appeal on March 28, 2007 as to the dismissal of those potential class members.  Four of the defendants then filed a notice of cross-appeal on April 11, 2007, seeking review of that portion of the Court's February 26, 2007 Order denying defendants' motions to dismiss.

**II.  DISCUSSION**

    **A.  Jurisdiction to Address Plaintiffs' Motion for a Certificate of Appealability**

Before the Court may rule on the merits of plaintiffs' motion to certify for interlocutory appeal under 28 U.S.C. § 1292(b) its February 26, 2007 Order, it must first determine whether it retains jurisdiction to address plaintiffs' motion in light of the filing of the parties' notices of appeal.  In *Griggs v. Provident Consumer Discount Co.*, the Supreme Court held that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the trial court of its control over those aspects of

the case involved in the appeal."  459 U.S. 56, 58 (1982); *see also United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979), *superceded by statute on other grounds*, *United States v. Martinez*, 763 F.2d 1297 (11th Cir. 1985) ("The filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals.").  Nevertheless, the parties filed notices of appeal as to the Court's ruling on defendants' motions to dismiss, which is not a final, appealable order.  The Fifth Circuit has stated that "filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction . . . ."  *Id.* at 694.  It explained: "The contrary rule leaves the court powerless to prevent intentional dilatory tactics, forecloses without remedy the nonappealing party's right to continuing trial court jurisdiction, and inhibits the smooth and efficient functioning of the judicial process."  *Id.*  Because both parties seek appeal from a non-final order, the Court finds that the notices of appeal do not divest the Court of jurisdiction over this matter, including plaintiffs' motion to certify for interlocutory appeal under 28 U.S.C. § 1292(b).  *See, e.g., Henry's Marine Serv., Inc. v. Fireman's Fund Ins. Co.*, 2004 WL 242292, at *2 n.1 (E.D. La. Feb. 5, 2004) (filing of notice of appeal as to summary judgment order and denial of motion for

reconsideration did not deprive district court's jurisdiction over case); *Mac Sales Inc. v. E.I. Dupont de Nemours*, 1995 WL 581790, at *1 (E.D. La. Sept. 29, 1995) (filing of notice of appeal as to order granting new trial did not deprive district court's jurisdiction over case). The Court now addresses the merits of plaintiffs' motion.

### B.   Merits of Plaintiffs' Motion for a Certificate of Appealability

Before a district court may certify an order for interlocutory appeal, the moving party must demonstrate that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order would materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *see also Complaint of L.L.P. & D. Marine, Inc.*, 1998 WL 66100, at *1 (E.D. La. Feb. 13, 1998) (movant bears the burden of showing that all of these criteria have been satisfied for certification to be appropriate). An interlocutory appeal, however, is "exceptional" and "assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68, 69 (5th Cir. 1983).

The Court finds that the circumstances presented in this

case do not meet the requirements of Section 1292(b).  As the movants, plaintiffs bear the burden of showing that "an immediate appeal from the order would materially advance the ultimate termination of the litigation."  Plaintiffs have not demonstrated that their appeal satisfies this element of the Section 1292(b) analysis.  The Court's February 26, 2007 Order did not necessarily dispose of the claims asserted by the six named plaintiffs in this action.  The Court found that if they can establish that the proximate cause of their total loss was a covered peril under their homeowner's policies, then they may be able to state a claim under the VPL.  The complaint is ambiguous as to whether the named plaintiffs in fact sustained a total loss as a result of a covered peril, and the named plaintiffs up to this point have yet to provide any clarification as to the cause of their specific losses.  It is therefore unclear whether the Court's February 26, 2007 Order actually dismissed any of the named plaintiffs' claims under the VPL.  In this motion, the plaintiffs merely assert that *some class members* sustained total losses caused in part by a non-covered peril.  However, the Court has not certified a class in this case.  Thus, the Court's Order did not apply to the claims of any putative class member.  *See Partington v. American Intern. Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006) ("Federal courts may only adjudicate the

rights of putative class members upon certification of that class under Federal Rule of Civil Procedure 23."). Absent a showing that the Court's Order dismissed the claims of any of the named plaintiffs, an appeal of the Order would not materially advance the ultimate termination of the litigation.

Moreover, the identical issue that plaintiffs ask the Court to certify for appeal is already under consideration by the Fifth Circuit in *Chauvin v. State Farm Fire & Cas. Co.*, No. 06-30946. The *Chauvin* appeal has been pending since September 2006 and the briefing on the issues presented was recently completed. Plaintiffs have not shown how permitting them to appeal the Court's February 26, 2007 Order, would materially advance the resolution of the *Chauvin* appeal. In fact, given how far along the appellate process is in *Chauvin*, plaintiffs' appeal might serve to ultimately delay a final adjudication of the issue. Accordingly, the Court denies plaintiffs' motion for certification of interlocutory appeal.

### III. CONCLUSION

For the foregoing reasons, the Court denies plaintiffs' motion for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

New Orleans, Louisiana, this __18th__ day of May, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT