UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOHN W. CHAGNARD, SR.                    CIVIL ACTION

VERSUS                                   NO.  07-1754 c/w 06-2613

SUE CAMBRE d/b/a SUE CAMBRE              SECTION "R"(5)
INSURANCE and STATE FARM FIRE
AND CASUALTY COMPANY

## ORDER AND REASONS

Before the Court is the motion of defendants State Farm Fire and Casualty Company and Sue Cambre to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Because matters outside of the pleadings have been presented to and not excluded by the Court, the Court considers defendants' motion as a motion for summary judgment.  *See* FED. R. CIV. P. 12(b)(6) and 12(c).  For the following reasons, the Court GRANTS defendants' motion.

## I.    BACKGROUND

Plaintiff John Chagnard is a Louisiana homeowner whose property allegedly sustained extensive damage as a result of

Hurricane Katrina.  Plaintiff's home was insured under separate homeowner's and flood policies issued by defendant State Farm Fire and Casualty Company.  Plaintiff has sued both his insurance provider, State Farm, and the agent who sold his policies, Sue Cambre.  Plaintiff's suit was initially part of a multi-plaintiff, multi-defendant action that was severed by Judge Fallon into individual suits addressing each distinct property. (Civ. Action No. 06-7375, R. Doc. 86).  Plaintiff then refiled an amended complaint pertaining solely to his property on April 12, 2007.  (Civ. Action No. 07-1754).  The matter was ultimately transferred to this Section because Chagnard is a named plaintiff in a class action currently pending before this Court, *Caruso et al. v. Allstate Insurance Company et al.*, Civ. Action No. 06-2613.  Defendants State Farm and Cambre now move to dismiss the claims asserted against Cambre and vicariously against State Farm on the grounds that: (1) plaintiffs fail to allege a breach of a recognized duty under Louisiana law; and (2) the claims are perempted by the terms of La. Rev. Stat. § 9:5606, a statute establishing peremptive periods for contract and tort actions brought against insurance agents.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there are no genuine

issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial.  *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

3

**III. DISCUSSION**

Plaintiff's amended complaint asserts that Cambre "breached her fiduciary duties to plaintiff to provide and secure appropriate and adequate coverage." (Complaint, ¶ XII). Specifically, plaintiff contends that Cambre: (1) failed to provide and/or secure the proper amount of homeowner's insurance; (2) failed to provide and/or advise plaintiff to secure adequate flood insurance; (3) failed to provide and/or advise plaintiff that excess flood insurance was an available option; (4) failed to inform plaintiff of homeowner's and flood policy limitations and exclusions; and (5) underinsured plaintiff. (*Id.*). These allegations are without merit under Louisiana law.

Insurance agents in Louisiana have a duty to use reasonable diligence in attempting to place requested insurance. *See Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So. 2d 728, 730 (La. 1973). Here, plaintiff does not allege that Cambre failed to procure any requested coverage. Rather, plaintiff alleges that Cambre failed to procure "proper" or "adequate" insurance coverage, without an allegation that this coverage was in fact requested. Moreover, plaintiff does not cite to, and the Court does not find, any case imposing a duty on an agent to spontaneously identify a client's needs and advise him as to whether he is underinsured.

4

The only allegation that implicates a recognized duty of insurance agents under Louisiana law is that Cambre "failed to inform plaintiff of homeowner's and flood policy limitations and exclusions." Louisiana permits actions for negligent misrepresentation leading to pecuniary loss when (1) the defendant owed a duty to supply correct information, (2) the defendant breached that duty, and (3) the plaintiff suffered damages resulting from justifiable reliance on the misrepresentation. *Abbott v. Equity Grp., Inc.,* 2 F.3d 613, 624 n.38 (5th Cir. 1993); *Chiarella v. Sprint Spectrum, LLP*, 921 So. 2d 106, 123 (La. Ct. App. 2005). Insurance agents have a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and an insured is thereby damaged. *See, e.g., Venture Assocs. Inc. of La. v. Trans. Underwriters of La.,* 634 So. 2d 4, 6-7 (La. Ct. App. 1994).

Plaintiff's cause of action for negligent misrepresentation fails as a matter of law, however, because it is perempted under the terms of La. Rev. Stat. § 9:5606. The statute provides:

> No action for damages against any insurance agent . . .
> whether based upon tort, or breach of contract, or
> otherwise, arising out of an engagement to provide
> insurance services shall be brought unless filed . . .
> within one year from the date of the alleged act,
> omission, or neglect, or within one year from the date
> that the alleged act, omission, or neglect is

> discovered or should have been discovered. However,
> even as to actions filed within one year from the date
> of such discovery, in all events such actions shall be
> filed at the latest within three years from the date of
> the alleged act, omission, or neglect.

La. Rev. Stat. § 9:5606.  Chagnard's policy was initially issued in 2004.  (Ex. 1, Babin Affidavit, at 4).  He alleges the misrepresentations were made in connection with the issuance of his policy.

An insured is responsible for reading his policy and presumed to know its terms.  *See Motors Ins. Co. v. Bud's Boat Rental*, 917 F. 2d 199, 205 (5th Cir. 1990); *Stephens v. Audobon Ins. Co.*, 665 So. 2d 683, 686 (La. Ct. App. 1996) (citing *Matthews v. Business Men's Assur. Co. of America,* 478 So. 2d 634, 637 (La. Ct. App. 1985); *Perkins v. Shelter Ins. Co.,* 540 So. 2d 488 (La. Ct. App. 1989)).  The policy contained a flood exclusion, excluding all damage caused by flood, even if wind-driven.  A prescriptive or peremptive period will begin to run when the injured party has constructive knowledge of the facts that would entitle him to bring a suit.  *Campo v. Correa*, 828 So. 2d 502, 510 (La. 2002) (prescriptive period commences upon constructive knowledge); *Atlas Iron and Metal Co. v. Ashy*, 918 So. 2d 1205, 1210 (La. Ct. App. 2006) (one-year peremptive period for legal malpractice claim begins at the time constructive knowledge is obtained).  Information or knowledge that ought to

excite attention and put the alleged victim on guard is sufficient to start the running of prescription. *Campo*, 828 So. 2d at 510. Knowledge of policy terms that directly contradict a statement by the agent who sold the policy is sufficient to excite attention and put the insured on guard. Thus, plaintiff knew or should have known of Cambre's wrongful conduct as of the time his policy was first issued in 2004. Plaintiff did not file suit until August 28, 2006. (*See* Civ. Action No. 06-7375, R. Doc. 1). Because the alleged misrepresentations should have been discovered by plaintiff more than one year from the date on which he filed suit, this claim is perempted. *See* La. Rev. Stat. § 9:5606 (a claim against an insurance agent must be brought within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered).

Finally, plaintiff asserts that State Farm "is vicariously liable for the negligent actions of its agent, committed within the course and scope of their employment, or alternatively, with authority to act on its behalf." (Complaint, ¶ XI). Because the underlying claims against Cambre fail as a matter of law, there can be no vicarious liability against State Farm for Cambre's alleged actions.

**IV.   CONCLUSION**

For the foregoing reasons, the Court GRANTS defendants'
motion to dismiss as to all claims asserted against Cambre and
vicariously against State Farm.


New Orleans, Louisiana, this __1st__ day of August, 2007.

_Sarah Vance_
_____
          SARAH S. VANCE
  UNITED STATES DISTRICT JUDGE