UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PEARL CARUSO, ET AL.                        CIVIL ACTION

VERSUS                                      NO.  06-2613

ALLSTATE INSURANCE COMPANY,                 SECTION "R"(5)
ET AL.

ORDER AND REASONS

Before the Court is defendant Allstate Insurance Company's
motion to strike the class allegations pursuant to Rule 23(d)(4)
of the Federal Rules of Civil Procedure.  For the following
reasons, the Court GRANTS defendant's motion.


I.   BACKGROUND

Plaintiffs are six Louisiana property owners who suffered
damage to their property during Hurricane Katrina and who have
sued their insurance providers under their homeowner's policies.
The named plaintiffs each seek to represent all other similarly
situated class members, namely Louisiana homeowners who suffered
a total loss of their property, in whole or in part, as a result
of a covered loss from the winds of Hurricane Katrina.  The six
defendant insurance companies are: Allstate Insurance Company,

State Farm Insurance Company, Republic Fire & Casualty Insurance Company, Auto Club Family Insurance Company, Lafayette Insurance Company,[1] and Louisiana Citizens Property Insurance Company. Plaintiffs seek recovery based on Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695, as well as claims of breach of contract and bad faith under La. Rev. Stat. §§ 22:658 and 22:1220. Specifically, plaintiffs assert that the insurers placed a valuation on their respective properties for premium purposes and did not pay the full value of those properties after they became a total loss.  They allege that the total loss was caused in whole or in part by a covered peril and that the VPL obligates their insurers to pay the full value of their policies.

    The named plaintiffs initially filed this lawsuit, seeking class certification, in Civil District Court for the Parish of Orleans on April 12, 2006.  Defendant Allstate filed a Notice of Removal on May 19, 2006, asserting that this Court has jurisdiction under the Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005), or, in the alternative, under 28 U.S.C. § 1332 because the other insurers were joined improperly with Allstate and thus their citizenship should not be considered when determining jurisdiction.  On June 16, 2006, plaintiffs

---

    [1] Lafayette was incorrectly named as United Fire Insurance Company in the plaintiffs' complaint.

moved to remand, alleging that removal was improper because CAFA's "local-controversy" exception applied, and the nondiverse defendant, Louisiana Citizens Property Insurance Company, was joined properly with the other defendant insurance companies.  On January 8, 2007, the Court denied plaintiffs' remand motion, finding that it has jurisdiction over this matter under CAFA because the statute's "local-controversy" exception did not apply to this action.  *See Caruso v. Allstate Ins. Co.*, 469 F. Supp. 2d 364 (E.D. La. 2007).

Defendants Allstate, Auto Club, Lafayette, Republic Fire, and State Farm then moved to dismiss the matter by essentially re-urging the arguments raised in *Chauvin, et al. v. State Farm Fire & Casualty Co., et al.*, 450 F. Supp. 2d 660 (E.D. La. 2006). On February 26, 2007, the Court, applying the reasoning set forth in *Chauvin*, granted defendants' motion as to plaintiffs who allege that the VPL entitles them to the full value of their policies, regardless of the proximate cause of their total losses, so long as a covered peril caused some loss to their property.  *See Caruso v. Allstate Ins. Co.*, 2007 WL 625830, at *10 (E.D. La. Feb. 26, 2007).  However, the Court rejected defendants' motion as to plaintiffs who allege that their total loss was sustained entirely by a covered peril, finding that they may be able to state a claim under the VPL.  *Id.* at *4-10.  On

March 12, 2007, plaintiffs asked the Court to certify for interlocutory appeal under 28 U.S.C. § 1292(b) its February 26, 2007 Order dismissing the claims of potential class members whose total loss was not solely caused by a covered peril.  On May 18, 2007, the Court denied plaintiffs' motion for certification of interlocutory appeal.  In the meantime, Allstate filed this motion to strike the class allegations pursuant to Rule 23(d)(4).  The Court rules as follows.

## II.  DISCUSSION

Class actions are governed by Rule 23 of the Federal Rules of Civil Procedure.  To be certified, the class must first satisfy the following threshold requirements of Rule 23(a): (1) numerosity (a "class [so large] that joinder of all members is impracticable"); (2) commonality ("questions of law or fact common to the class"); (3) typicality ("named parties' claims or defenses are typical . . . of the class"); and (4) adequacy of representation (representatives "will fairly and adequately protect the interest of the class"). *See id.* at 623 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997)).  In addition, the class must satisfy one of the three subsections of Rule 23(b).  *See Amchem Prods.*, 521 U.S. at 614.  The party seeking class certification bears the burden of showing that all

of the criteria are met.  *See id.; Unger v. Amedisys Inc.*, 401

F.3d 316, 320 (5th Cir. 2005).  Rule 23(d)(4) authorizes a

district court "to make appropriate orders . . . requiring that

the pleadings be amended to eliminate therefrom allegations as to

representation of absent persons, and that the action proceed

accordingly."  FED. R. CIV. P. 23(d)(4); *see also Eisen v.*

*Carlisle & Jacquelin*, 417 U.S. 156, 184 n.6 (1974) ("Under Rule

23(d)(4), the District Court may in some instances require that

pleadings be amended to eliminate class allegations."); *Aguilar*

*v. Allstate Fire & Cas. Ins. Co.*, 2007 WL 734809, at *2 (E.D. La.

Mar. 6, 2007) ("A court may strike class allegations under Rule

23(d)(4) where a complaint fails to plead the minimum facts

necessary to establish the existence of a class satisfying Rule

23's mandate."); *Thompson v. Merck & Co., Inc.*, 2004 WL 62710, at

*2 (E.D. Pa. Jan. 6, 2004) ("If the court determines that the

prerequisites of Rule 23 are not satisfied, then the court may

issue an order 'requiring that the pleadings be amended to

eliminate therefrom allegations as to representation of absent

persons.'").  Here, Allstate challenges plaintiffs' ability to

maintain a class action under either Rule 23(b)(1), (2), or (3).

The Court addresses each subsection as follows.

> **1.    Rule 23(b)(2)**

Rule 23(b)(2) permits "class actions for declaratory or

injunctive relief when 'the party opposing the class has acted or refused to act on grounds generally applicable to the class.'" *Amchem Prods.*, 521 U.S. at 614; *see also* FED. R. CIV. P. 23(b)(2). The rule clearly states that claims seeking injunctive or declaratory relief may be appropriate for Rule 23(b)(2) class certification.

In *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402 (5th Cir. 1998), the Fifth Circuit discussed when certification under Rule 23(b)(2) is appropriate.  The court explained that although Rule 23(b)(2) is silent as to whether monetary remedies may be sought in conjunction with injunctive or declaratory relief, the Advisory Committee Notes on Rule 23 state that class certification under Rule 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominantly to money damages."  *Id.* at 411.  The court found that this commentary implies that the drafters of Rule 23 intended that at least some form or amount of monetary relief would be permissible in a Rule 23(b)(2) class action.  *See id.* (citing *Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 257 (5th Cir. 1974)).  The court determined that monetary relief may be obtained in a Rule 23(b)(2) class action as long as the predominant relief sought is injunctive or declaratory.  *See id.*

Monetary relief predominates in Rule 23(b)(2) class actions

unless it is incidental to requested injunctive or declaratory

relief.  *See id.* at 415.  Incidental damages flow directly from

liability to the class as a whole on the claims forming the basis

of the injunctive or declaratory relief.  *See id;* FED. R. CIV. P.

23(b)(2) (referring only to relief appropriate "with respect to

the class as a whole").  "Liability for incidental damages should

not require additional hearings to resolve the disparate merits

of each individual's case; it should neither introduce new and

substantial legal or factual issues, nor entail complex

individualized determinations."  *Id.*  The Fifth Circuit in

*Allison* found that the district court was in the best position to

assess whether a monetary remedy is sufficiently incidental to a

claim for injunctive or declaratory relief to be appropriate in a

Rule 23(b)(2) class action.  *See id.* at 416.

 The Court finds that the relief sought here is primarily

monetary.  Plaintiffs assert that the defendants failed to

adequately compensate them for their total covered losses.  They

request damages for breach of contract, as well as penalties and

attorneys' fees under La. Rev. Stat. §§ 22:658 and 22:1220.

Thus, plaintiffs' allegations will require highly individualized

determinations into the cause of each plaintiffs' loss and the

amount of the damages sustained at each of the plaintiffs'

properties.  Further, plaintiffs do not state what declaratory or

injunctive relief they seek.  It is clear that to the extent such

relief is mentioned, it is incidental to the monetary relief,

which is the focus of plaintiffs' class petition.  Moreover,

there is no allegation that the purported class members seek a

uniform monetary remedy.  *See Doiron v. Conseco Health Ins. Co.*,

240 F.R.D. 247, 254 (M.D. La. 2007) (finding certification of a

proposed class inappropriate under Rule 23(b)(2) where plaintiffs

primarily sought monetary damages).  Certification of the

proposed plaintiff class is therefore improper under Rule

23(b)(2).

>    **2.   Rule 23(b)(1)**

Rule 23(b)(1) provides that an action may be maintained as a

class action when:

> (1) the prosecution of separate actions by or against
> individual members of the class would create a risk
> of (A) inconsistent or varying adjudications with
> respect to individual members of the class which
> would establish incompatible standards of conduct for
> the party opposing the class, or (B) adjudications
> with respect to individual members of the class which
> would as a practical matter be dispositive of the
> interests of the other members not parties to the
> adjudications or substantially impair or impede their
> ability to protect their interests.

FED. R. CIV. P. 23(b)(1).  Allstate contends that certification

under Rule 23(b)(1) is inappropriate where, as here, plaintiffs

are primarily seeking monetary damages.  In the context of a

proposed Rule 23(b)(1)(A) class certification, the Fifth Circuit

recently instructed a district court to "consider the extent to which the due process concerns inherent in *Allison* apply to a (b)(1)(A) class and whether a (b)(1)(A) class can be maintained if damages are the primary remedy sought." *Langbecker v. Electronic Data Sys. Corp.*, 476 F.3d 299, 318 (5th Cir. 2007) (internal citations omitted).  The court added that "resolution of these issues is still uncertain in the Fifth Circuit."  *Id.*

In *Allison*, discussed *supra*, the Fifth Circuit determined that monetary relief may be obtained in a Rule 23(b)(2) class action as long as the predominant relief sought is injunctive or declaratory.  151 F.3d at 411.  The court stated that "monetary relief 'predominates' under Rule 23(b)(2) when its presence in the litigation suggests that the procedural safeguards of notice and opt-out are necessary, that is, when the monetary relief being sought is less of a group remedy and instead depends more on the varying circumstances and merits of each class member's case."  *Id.* at 414.  The court explained:

> [T]he drafters of Rule 23 found it unnecessary to
> provide (b)(1) and (b)(2) class members with the
> absolute right to notice or to opt-out of the class-
> procedural safeguards made mandatory under (b)(3) for
> class members who might wish to pursue their claims
> for money damages in individual lawsuits and to not
> be bound by membership in a class action.  Providing
> these rights exclusively to (b)(3) classes
> demonstrates concern for the effect of monetary
> claims on class cohesiveness.  Monetary remedies are
> often related directly to the disparate merits of
> individual claims.  As a result, a class seeking

> substantial monetary remedies will more likely
> consist of members with divergent interests.

*Id.* at 412-13 (internal citations omitted).

Having considered *Allison*, the Court finds that
certification of a class under Rule 23(b)(1)(A) is inappropriate
here.  Plaintiffs predominantly seek monetary relief, in the form
of damages for breach of contract, as well as penalties and
attorneys' fees under La. Rev. Stat. §§ 22:658 and 22:1220.  The
facts almost certainly will vary from plaintiff to plaintiff,
including the amount and type of damage sustained, the specific
cause of the damage (wind, rain, and/or flood).  In *Allison*, the
court implicitly stated that class certification is inappropriate
under Rule 23(b)(1)(A) for individualized damage claims akin to
those presented in this case.  *Id.* at 421 n.16 ("Given the
individual-specific nature of the plaintiffs' claims for
compensatory and punitive damages, we perceive no risk of
inconsistent adjudications or incompatible standards of conduct
in having *those claims* adjudicated separately.") (emphasis in
original).  Moreover, plaintiffs have not alleged an entitlement
to any type of class-wide recovery.  Further, plaintiffs make no
request for specific declaratory or injunctive relief.
Plaintiffs thus have not demonstrated that defendants would face
incompatible standards of conduct if the Court does not certify
the proposed class.  Given the type and predominance of monetary

damages requested, the Court concludes that it is improper to certify the class under Rule 23(b)(1)(A).

Likewise, the Court finds certification of the proposed class under Rule 23(b)(1)(B) inappropriate.  The Fifth Circuit has stated: "The rule necessarily contemplates the allocation of a limited resource . . . for only where the class members' interests are to some degree mutually exclusive will the individuals' litigation 'substantially impair' the others' rights."  *In re Asbestos Litig.*, 134 F.3d 668, 672 n.7 (5th Cir. 1998).  Where, as here, plaintiffs seek monetary damages, "the paradigm is of a 'limited fund' to be distributed for the class members' benefit."  *Id.*  Because plaintiffs have not identified, and the Court does not find, any such limited resource that is affected by plaintiffs' lawsuit, certification under Rule 23(b)(1)(B) is improper.  *See Doiron*, 240 F.R.D. at 255 (denying certification under Rule 23(b)(1)(B) where "proposed class does not appear to raise the type of issues that are traditionally at issue in a Rule 23(b)(1)(B) class," *i.e.*, a limited fund).

### 3.    Rule 23(b)(3)

For class actions seeking money damages, Rule 23(b)(3) imposes two prerequisites, predominance and superiority: "[Q]uestions of law or fact common to the members of the class [must] predominate over any questions affecting only individual

members, and . . . a class action [must be] superior to the other

available methods for the fair and efficient adjudication of the

controversy."  FED. R. CIV. P. 23(b)(3); *see also Amchem Prods.*,

521 U.S. at 615 (characterizing Rule 23(b)(3) as two additional

requirements to those set forth in Rule 23(a)[2]); *Unger*, 401 F.3d

at 320.  To predominate, "common issues must constitute a

significant part of the individual cases."  *Mullen*, 186 F.3d at

626.  "This requirement, although reminiscent of the commonality

requirement of Rule 23(a), is 'far more demanding' because it

'tests whether proposed classes are sufficiently cohesive to

warrant adjudication by representation.'"  *Unger*, 401 F.3d at 320

(quoting *Amchem Prods.*, 521 U.S. at 623-24).

Plaintiffs have failed to demonstrate that common issues of

the class predominate over individual issues.  While plaintiffs

correctly assert that each plaintiff brings the same cause of

action under the VPL, that does not change the nature of

plaintiffs' claims.  A VPL case requires proof of the proximate

---

[2] Rule 23(a) provides:

> One or more members of a class may sue or be sued as
> representative parties on behalf of all only if (1)
> the class is so numerous that joinder of all members
> is impracticable, (2) there are questions of law or
> fact common to the class, (3) the claims or defenses
> of the representative parties are typical of the
> claims or defenses of the class, and (4) the
> representative parties will fairly and adequately
> protect the interests of the class.

cause of each plaintiff's total loss.  Accordingly, plaintiffs'

claims require highly individualized inquiries into the cause of

each plaintiff's loss and the amount of the damages sustained at

each of the plaintiff's properties.  Under similar circumstances,

a Mississippi federal court denied class certification in a

lawsuit brought by all insured Mississippi property owners

against their insurers, stating:

> Each property owner in Mississippi who had real and
> personal property damaged in Hurricane Katrina is
> uniquely situated.  No two property owners will have
> experienced the same losses.  The nature and extent
> of the property damage the owners sustain from the
> common cause, Hurricane Katrina, will vary greatly in
> its particulars . . . .

*Comer v. Nationwide Mut. Ins. Co.*, 2006 WL 1066645, at *2 (S.D.

Miss. Feb. 23, 2006).  Other district courts have likewise

rejected Katrina-related class certifications under Rule 23(b)(3)

because of the highly individualized and varied nature of the

respective plaintiffs' claims.  *See Aguilar*, 2007 WL 734809;

*Spiers v. Liberty Mut. Fire Ins.* Co., No. 06-4493 (E.D. La. Nov.

21, 2006); *Guice v. State Farm Fire & Cas. Co.*, 2006 WL 2359474

(S.D. Miss. Aug. 14, 2006).  The Court therefore concludes that

certification of plaintiffs' proposed class is inappropriate

under Rule 23(b)(3), as the different factual circumstances

pertaining to each claim outweigh the common legal issues.[3]


## III. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to strike the class allegations under Rule 23(d)(4).


New Orleans, Louisiana, this ___3rd___ day of August, 2007.


_____
SARAH S. VANCE
UNITED STATES DISTRICT COURT

---

[3] Because the Court finds that the predominance requirement has not been satisfied, it need not address Rule 23(b)(3)'s superiority requirement.